UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES D. MCCLINTON,

                Plaintiff,

      v.                                            9:18-CV-0752
                                                        (BKS/DJS)

HAROLD D. GRAHAM, et al.,

                Defendants.

---

APPEARANCES:

CHARLES MCCLINTON
16-A-4874
Plaintiff, pro se
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

The Clerk has sent to the Court for review a civil rights complaint brought by pro se plaintiff Charles D. McClinton ("Plaintiff").[1] Dkt. No. 1 ("Compl."). Plaintiff, who is confined at Five Points Correctional Facility ("Five Points C.F.") and has not paid the filing fee for this

---

    [1]    Plaintiff filed this action using the name Charles D. McClinton. Plaintiff is also identified on the New York State Department of Corrections and Community Supervision's ("DOCCS") website as Charles McClinton and has been assigned four Department ID Numbers ("DIN") including: 16-A-4874, 12-A-5657, 98-A-2830, and 04-A-2978. *See* http://nysdoccslookup.doccs.ny.gov (last visited Sept. 5, 2018).

action, seeks leave to proceed in forma pauperis. Dkt. No. 7 ("IFP Application").[2] Plaintiff has also filed a motion for a speedy trial. Dkt. No. 3.

For the reasons set forth below, Plaintiff's IFP Application is denied and this action is sua sponte dismissed pursuant to 28 U.S.C. § 1915(g) ("Section 1915(g)"), unless, within thirty (30) days of the date of this Decision and Order, Plaintiff pays the statutory filing fee of four hundred dollars ($400) in full.

## II. DISCUSSION

Where a plaintiff seeks leave to proceed in forma pauperis, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the Court's filing fee of four hundred dollars ($400).[3] The Court must also determine whether the "three strikes" provision of Section 1915(g) bars the plaintiff from proceeding in forma pauperis and without prepayment of the filing fee.[4] More specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

---

[2] On June 29, 2018, this action was administratively closed due to Plaintiff's failure to submit a certified application for in forma pauperis status. Dkt. No. 5. On July 30, 2018, Plaintiff filed a letter motion seeking an extension of time to comply with the June Order. Dkt. No. 6. The case was reopened on August 3, 2018, upon receipt from Plaintiff of the required filing. Dkt. Nos. 7, 8. Thus, Plaintiff's letter motion (Dkt. No. 6) is denied as moot.

[3] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee . . . at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

[4] The manifest intent of Congress in enacting this "three strikes" provision was to curb prison inmate abuses and to deter the filing of multiple, frivolous civil rights suits by prison inmates. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007). The question of whether a prior dismissal is a "strike" is a matter of statutory interpretation and, as such, is a question for the court to determine as a matter of law. *Id.* at 442-43.

> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If the plaintiff is indigent and not barred by Section 1915(g), the Court must also consider whether the causes of action stated in the complaint are, inter alia, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).

In this case, Plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District of New York. *See* Dkt. Nos. 4, 7. Thus, the Court must determine whether Plaintiff has three "strikes" and, if so, whether he is entitled to invoke the "imminent danger" exception to that rule. *See* 28 U.S.C. § 1915(g); *see also DeLeon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (providing that the time for determination of "strikes" is only when the Section 1915(g) issue is ripe for adjudication).

### A. Determination of "Strikes"

Having reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, the Court has determined that Plaintiff is a frequent litigator in the federal courts and is well aware of the "three strikes" rule.[5] The three strikes rule set forth in Section 1915(g) has been enforced against Plaintiff in this District. *See McClinton v. DOCCS, et. al.*, No. 9:14-CV-648 (TJM/RFT), Decision and Order, Dkt. No.

---

[5] Plaintiff has filed approximately nineteen actions in the District Courts in the Second Circuit using the names Charles McClinton and Charles D. McClinton. *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl > (last visited Sept. 5, 2018).

7 (N.D.N.Y. Nov. 14, 2014).[6]  After reviewing this decision, as well as the docket sheets for the actions found to constitute strikes, this Court likewise finds that Plaintiff acquired three strikes prior to commencing this action in 2018.

Having concluded that Plaintiff acquired at least three "strikes" for purposes of Section 1915(g) prior to commencing this action, the Court must next consider whether the "imminent danger" exception to that rule is applicable to this action.

### B.   Applicability of the "Imminent Danger" Exception

Congress enacted the "imminent danger" exception contained in the final phrase of Section 1915(g) as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding in forma pauperis.  *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).  Generally speaking, the allegations relevant to the "imminent danger" inquiry "are those in which [plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment."  *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010).[7]  "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed."  *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007)

---

[6]   The actions found to constitute "strikes" were: *McClinton v. Connolly,* No. 13-CV-2375, Order, Dkt. No. 44 (S.D.N.Y. filed Oct. 8, 2014); *McClinton v. Henderson, et. al.*, No. 13-CV-3335, Order, Dkt. No. 29 (E.D.N.Y. filed May 19, 2014); *McClinton v. Suffolk County District Attorney, et. al.*, No. 13-CV-3673, Order, Dkt. No. 21 (E.D.N.Y. filed March 26, 2014).

[7]   In *Chavis*, the Second Circuit described the nature of the Court's inquiry regarding imminent danger as follows: "although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on."  *Id*. at 169-70 (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted).

4

(imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged).[8] "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170.

Plaintiff filed this action in May 2018, while incarcerated at Five Points C.F. *See* Compl. at 2,15. In his Complaint, Plaintiff sets forth several claims for the violation of his constitutional rights arising out of his confinement at Auburn Correctional Facility ("Auburn C.F."). *See generally*, Compl. The incidents complained of in the Complaint allegedly occurred between June 2017 and December 2017. *See id.* Specifically, Plaintiff alleges that he was denied adequate medical treatment, subjected to retaliation for filing grievances, which were not properly investigated or responded to, and he was denied due process. *See id.* Plaintiff does not allege in the Complaint that he feared "physical injury" from anyone when he signed his Complaint. Moreover, Plaintiff does not allege that any of the named defendants are employed by, or otherwise connected to, Five Points C.F.

Plaintiff's allegations of wrongdoing at Auburn C.F. from June 2017 through December 2017, even if true, do not demonstrate that Plaintiff faced an "imminent danger of serious physical injury" from defendants when he filed this action. Plaintiff has failed to plead facts sufficient to place him within the imminent danger exception provided by Section 1915(g), which is available "[w]hen a threat or prison condition is real and proximate, and when the

---

[8] In addition, "§ 1915(g) allows a three-strikes litigant to proceed [in forma pauperis] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99.

5

potential consequence is 'serious physical injury." *Flemming v. Kemp*, No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010). Moreover, any danger posed by defendants' alleged misconduct had dissipated by the time Plaintiff signed his complaint in May 2018, approximately six months after the events complained of. *See Pettus*, 554 F.3d at 296. This is especially true where, as here, Plaintiff was no longer confined at Auburn C.F. when he filed his lawsuit. *See, e.g., Malik*, 293 F.3d at 560, 562-63 (finding that the district court properly denied in forma pauperis status because the plaintiff had already accrued three strikes and did not fall within the "imminent danger" exception because plaintiff was no longer confined at the facility where his claims arose when he filed his complaint); *Palmer v. N. Y. State Dep't of Corr.*, 342 Fed. App'x 654, 656 (2d Cir. 2009) (same).

Construing the Complaint with the leniency that must be afforded to a pro se litigant, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), and even assuming that Plaintiff's allegations are sufficient to state cognizable constitutional claims, Plaintiff's claims do not involve allegations of physical harm or injury, let alone "imminent danger" of serious physical injury. Stated otherwise, Plaintiff has failed to plead facts sufficient to place him within the "imminent danger" exception provided by Section 1915(g), which is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'" *Flemming v. Kemp*, No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010).

Based upon the foregoing, the Court finds that Plaintiff is barred under Section 1915(g) from proceeding with this action in forma pauperis because he has three "strikes"

and has not demonstrated the applicability of the "imminent danger" exception. Plaintiff's IFP Application is therefore denied.[9] In light of the denial of his IFP Application, Plaintiff's motion for a speedy trial is denied as premature.

If Plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, pay the statutory filing fee of four hundred dollars in full. Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further order of this Court.

## III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 7) is **DENIED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three "strikes" and is not entitled to the "imminent danger" exception; and it is further

**ORDERED** that Plaintiff's motion for an extension of time (Dkt. No. 6) is **DENIED as moot**; and it is further

**ORDERED** that Plaintiff's motion seeking a speedy trial (Dkt. No. 3) is **DENIED as premature**; and it is further

**ORDERED** that this action shall be **DISMISSED** unless, within **thirty (30) days** of the date of this Decision and Order, Plaintiff pays the Court's filing fee of four hundred dollars

---

[9] Pro se plaintiffs are normally afforded an opportunity to amend, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999), but leave need not be granted where even a liberal reading of the complaint fails to give "any indication that a valid claim might be stated." *Chavis*, 618 F.3d at 170 (internal quotation marks omitted). Because Plaintiff does not allege that he feared "physical injury" when he brought this action, the Complaint does not "present the possibility of his stating a valid imminent danger claim." *See Carolina v. Rubino*, 644 Fed. App'x 68, 73 (2d Cir. 2016) (summary order) (district court did not abuse its discretion in dismissing complaint under Section 1915(g) because amendment of plaintiff's claims of "past harms" would have been futile). Here, leave to amend is not required.

7

($400) in full; and it is further

**ORDERED** that upon Plaintiff's compliance with this Decision and Order, the Clerk of the Court shall return the file to this Court for review of the Complaint in accordance with 28 U.S.C. § 1915A; and it is further

**ORDERED** that if Plaintiff fails to timely comply with this Decision and Order, the Clerk of the Court is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED.**

Dated: September 24, 2018

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge